FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 7 2017

JAMES N. HATTEN, Clerk
By: *J Beck* Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**JAVIER CORDOVA-TREJO**

Case No. 1:17-CR-0100-ODE

**Defendant's Attorney**
**DEAN ARTHUR WILLIAMS**

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) ONE of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 8 USC § §1326(a)&(b)(2) | RE-ENTRY OF DEPORTED ALIEN | ONE |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      XXX-XX-N/A
Defendant's Date of Birth:      4/15/1985
Defendant's Mailing Address:
Lovejoy, Georgia

Date of Imposition of Sentence: JULY 19, 2017

Signed this the ____4____ day of ____August____ 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

1:17-CR-0100-ODE : JAVIER CORDOVA-TREJO                                     Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWENTY-THREE (23) MONTHS**. This sentence of **TWENTY-THREE (23) MONTHS** represents the original **TWENTY-FOUR (24) MONTHS** sentence ordered by this Court less **ONE (1) MONTH** credit for time served in ICE custody as consented to by the Government and the Defense in the *REQUEST FOR SENTENCE MODIFICATION TO CREDIT TIME IN ICE CUSTODY ON BEHALF OF JAVIER TREJO CORDOVA* filed in this case on July 20, 2017.

Upon completion of the term of imprisonment and release from the custody of the Bureau of Prisons, the defendant is to be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 U.S.C. §3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless he applies and receives permission from the Attorney General of the United States to legally enter the United States.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on  _____  to  _____

at  _____, with a certified copy of this judgment.

                                                      UNITED STATES MARSHAL

                                 By: _____
                                                    Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, if not deported, the defendant shall be on supervised release for a term of **THREE (3) YEARS.** The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

## SPECIAL CONDITIONS

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control a firearm, dangerous weapon, or other destructive device as defined in 18 USC § 921.

The defendant shall submit to drug testing and treatment if requested to do so by the Probation Officer.

The defendant shall submit to a search of his person, property, residence and/or vehicle at the request of the U. S. Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.